Citation Nr: 1814065 
Decision Date: 03/08/18 Archive Date: 03/14/18

DOCKET NO. 13-09 228A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for a left shoulder disability.

2. Entitlement to a rating in excess of 20 percent for service-connected cervical spine spondylosis.

3. Entitlement to a rating in excess of 20 percent for service-connected lumbar spine spondylosis. 

4. Entitlement to a compensable rating for service-connected postoperative right shoulder disability prior to February 27, 2015.

5. Entitlement to a rating in excess of 10 percent for service-connected postoperative right shoulder disability from May 1, 2015.

6. Entitlement to a compensable rating for service-connected postoperative left knee disability prior to December 30, 2015.

7. Entitlement to a rating in excess of 10 percent for service-connected postoperative left knee disability from to December 30, 2015.

8. Entitlement to a compensable rating for service-connected postoperative right knee disability prior to December 30, 2015.

9. Entitlement to a rating in excess of 10 percent for service-connected postoperative left knee disability from December 30, 2015.


REPRESENTATION

Appellant represented by: Virginia Department of Veterans Services


WITNESSES AT HEARING ON APPEAL

Appellant and Observer


ATTORNEY FOR THE BOARD

M. Yuan, Associate Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from September 1988 to June 2000, April 2004 to September 2004, November 2004 to May 2005, November 2005 to May 2006, and June 2010 to October 2010. These matters are before the Board of Veterans' Appeals (Board) on appeal from a March 2011 rating decision of a Department of Veteran Affairs (VA) Regional Office (RO). An intervening March 2016 rating decision increased the rating for the right and left knee disabilities to 10 percent, each, effective December 30, 2015, granted a temporary total rating for the right shoulder disability from February 27, 2015, and assigned a 10 percent rating for the same from May 1, 2015. Thus, the issues on appeal have been amended to reflect consideration of "staged" ratings. As the Veteran has been granted a total disability rating for his right shoulder disability from February 27, 2015 to May 1, 2015, that period will not be considered. Similarly, an intervening April 2017 rating decision granted separate 20 percent initial ratings for service-connected lumbar and cervical spine disabilities; those issues have also been amended to reflect this change.

In June 2016, a Central Office hearing was held before the undersigned; a transcript of the hearing is associated with the record. These claims were remanded by the undersigned in September 2016.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The prior remand directed that the Veteran be afforded VA examinations assessing the current severity of his service-connected low back and neck disabilities. The February 2017 examination reports subsequently secured by the AOJ indicate that the examiner could not provide a non-speculative opinion on the functional impact of such disabilities during flare-ups or with repeated use over a period of time because the Veteran was not being examined under those conditions. Crucially, however, there is no indication from the examination report or findings that the examiner attempted to elicit any subjective reports from the Veteran regarding his functional impairment with repeated use over a period of time. Conversely, while the Veteran did provide lay reports regarding his functional difficulties during flare-ups of neck and back disabilities, the examiner does not appear to have considered using those reports to assess functional capacity during flare-ups. Crucially, this suggests that the inability to deliver the opinions requested was due to the absence of procurable information and the examiner's aversion to opining on that were not being directly observed. Consequently, those examination reports are inadequate and a new examination is needed. Sharp v. Shulkin, 29 Vet. App. 26, 33 (2017).

The prior remand also directed that a statement of the case (SOC) be issued pursuant to Manlincon v. West, 12 Vet. App. 238, 239-41 (1999) addressing service connection for a left shoulder disability and the initial ratings assigned with the grant of service connection for postoperative right shoulder, right knee, and left knee disabilities, as the Veteran properly initiated appeals of those matters by filing a timely notice of disagreement with denials of those claims in the March 2011 rating decision on appeal. However, the AOJ instead simply appended these issues to the supplemental SOC that was issued for the matters which were already perfected for appellate consideration. As this subverts due process and denies the Veteran the formal opportunity to perfect his appeals in those matters (and to request an appropriate hearing), corrective action is required. 

Accordingly, the case is REMANDED for the following action:

1. Obtain all updated records of VA or adequately identified private evaluations or treatment the Veteran has received for the disabilities remaining on appeal. 
 
Then, arrange for the Veteran to be examined by an orthopedic spine surgeon to determine the current severity of his service-connected low back and neck disabilities. Based on an examination, review of the record, and any tests or studies deemed necessary, the examiner should describe all pathology, symptoms (frequency and severity), and impairment of function associated with such disabilities in sufficient detail to allow for application of the pertinent rating criteria. Range of motion studies must be completed, and must include active and passive motion and weight-bearing and non-weight-bearing. The examiner should also note any further functional limitations due to pain, weakness, fatigue, incoordination, or any other such factors. 

Specifically, the examiner MUST ELICIT REPORTS FROM THE VETERAN regarding functional loss (to include as a result of subjective factors like pain, weakness, incoordination, fatigability, etc.) during flare-ups and after repeated use over a period of time and gather or consult any other pertinent evidence needed to provide such an opinion. The examiner MUST CONSIDER ALL PERTINENT EVIDENCE in addition to clinical findings on examination when assessing the degree of functional loss caused by low back and neck disabilities under such conditions. To the extent possible, the examiner should also estimate the impact of any functional loss noted in terms of degrees of lost motion.

If the examiner determines that a non-speculative opinion cannot be rendered, he or she must explain why. However, the examiner should note that the inability to deliver a non-speculative opinion CANNOT BE BASED ON the absence of procurable information or on the examiner's own shortcomings (i.e., lack of expertise) or general aversion to offering an opinion on issues not directly observed.

A detailed explanation (rationale) is requested for all opinions provided. (By law, the Board is not permitted to rely on any conclusion that is not supported by a thorough explanation. Providing an opinion or conclusion without a thorough explanation will delay processing of the claim and may also result in a clarification being requested).

2. The AOJ should then review the record and readjudicate the claims seeking higher ratings for the Veteran's lumbar and cervical spine disabilities. If they remain denied, the AOJ should issue an appropriate supplemental statement of the case, afford the Veteran and his representative opportunity to respond, and return the record to the Board.
 
3. The AOJ should also issue AN ORIGINAL STATEMENT OF THE CASE addressing service connection for a left shoulder disability and increased "staged" ratings for right shoulder, right knee, and left knee disabilities. The Veteran and his representative should be advised of the time limit for perfecting those appeals and be afforded the opportunity to do so. Appeals that are so perfected should be returned to the Board for further consideration.

The Veteran has the right to submit additional evidence and argument on the remanded matters. Kutscherousky v. West, 12 Vet. App. 369 (1999). As a remand, these matters must be handled expeditiously. 38 U.S.C.A. §§ 5109B, 7112 (2014).



_________________________________________________
VICTORIA MOSHIASHWILI
Veterans Law Judge, Board of Veterans' Appeals

Only a decision of the Board of Veterans' Appeals can be appealed to the United States Court of Appeals for Veterans Claims. 38 U.S.C.A. § 7252 (West 2014). This remand is a preliminary order and not an appealable decision on the merits of the claim(s). 38 C.F.R. § 20.1100(b) (2016).